OPINION
{¶ 1} This is a delayed appeal taken from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Abraham A. Griggs, appeals from his convictions for voluntary manslaughter and burglary and has raised sentencing concerns. The following facts are relevant to a determination of this appeal.
 {¶ 2} On November 19, 1999, a 9-1-1 call was placed from 2053 North Project, Warren, Ohio. The responding paramedics found twenty-six year old, Fred Taylor ("Taylor") on the sidewalk with an apparent stab wound. Taylor was pronounced dead at Trumbull Memorial Hospital a short time later. It was determined by autopsy that Taylor died as a result of a deep stab wound to the chest.
 {¶ 3} Taylor's seven-year-old son, Clifton, the oldest of five children, told the police that a man with a knife had come to his house demanding money from his father. Taylor took money from his pocket and was told by his assailant to count the money. When Taylor refused, he was stabbed with a knife.
 {¶ 4} Subsequently, appellant was questioned by the police about this incident. Initially, he denied having a knife or stabbing Taylor but, eventually, he admitted to the stabbing. He claimed, however, that Taylor came at him with a knife and that he was just defending himself. He also stated that the incident occurred outside the residence near the rear of the apartment.
 {¶ 5} On December 6, 1999, appellant was indicted by the Trumbull County Grand Jury on one count of aggravated murder, one count of aggravated burglary, and one count of felonious assault. Appellant entered a plea of not guilty to all counts.
 {¶ 6} On August 28, 2000, pursuant to a plea agreement, appellant entered a guilty plea to an amended indictment charging him with voluntary manslaughter, a felony of the first degree, and burglary, a felony of the second degree. The trial court nolled the felonious assault count.
 {¶ 7} On October 23, 2000, appellant was sentenced to the maximum term for each conviction: ten years on the voluntary manslaughter charge, and eight years on the burglary charge. The sentences were ordered to be served concurrently.
 {¶ 8} On June 25, 2001, appellant filed a pro se motion for leave to file a delayed appeal, which was subsequently granted by this court, and makes the following assignments of error:
 {¶ 9} "[1.] The trial court erred by sentencing appellant to the maximum terms of incarceration.
 {¶ 10} "[2.] The trial court erred by accepting a guilty plea without first determining whether [appellant] understood the effect of the plea."
 {¶ 11} In his first assignment of error, appellant contends that the trial court erred by sentencing him to the maximum terms of incarceration.
 {¶ 12} Our review of a felony sentence is de novo under R.C.2953.08. State v. Perry, 11th Dist. No. 2000-L-166, 2002-Ohio-1468, at ¶ 8. A trial court's sentencing will not be disturbed on appeal absent clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272.
 {¶ 13} In order to sentence a defendant to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C.2929.14(C). State v. Edmonson (1999), 86 Ohio St.3d 324, 328. Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. Those specified criteria are: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C. 2929.14(C).
 {¶ 14} Additionally, when the sentencing court wishes to impose the maximum sentence on a defendant, it must give its reasons. State v.Jones, 11th Dist. No. 2001-L-176, 2003-Ohio-476, at ¶ 15. This court has held that "[a] sentence which merely recites the language of R.C.2929.14(C) without any consideration of the statutorily relevant factors is insufficient. *** For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors [of R.C. 2929.19(B)(2)(d)] in reaching its determination." Perry, supra, at ¶ 12, citing State v. Kase
(Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 2.
 {¶ 15} In the present case, with respect to the voluntary manslaughter conviction, the trial court ordered appellant to serve the maximum sentence after finding that he had committed the worst form of the offense. At the sentencing hearing, the trial court stated: "In order to impose the maximum sentence, the Court has to make some additional findings, and the Court specifically makes this finding; that because this has been reduced to a voluntary manslaughter, and in light of what the facts indicated to the Court based on the review of the presentence investigation, this meets the criteria for committing the worst form of this type of offense, which is a voluntary manslaughter. And I say this because when you chase somebody down with a knife, for whatever the purpose is, you go to their house, you end up stabbing somebody in a place that is most likely to cause death, and then have him expire there in front of his children, that it meets that criteria."
 {¶ 16} Thus, the trial court determined that appellant had committed the worst form of the offense. As support for this conclusion, the trial court alluded to several of the facts that it considered important in determining that this was the worst form of the offense. Specifically, the trial court pointed to the fact that appellant chased the victim with a knife at the victim's residence and stabbed him in the chest while the victim's young son watched the killing. The trial court also pointed to the fact that appellant was pleading guilty to a lesser crime from that which he had originally been indicted.
 {¶ 17} Upon review of the circumstances of this case, with respect to the voluntary manslaughter conviction, we cannot say that there is clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. It is apparent that appellant went to the victim's residence armed with a knife. He demanded money and, for some unknown reason, proceeded to stab the victim. The victim's young son witnessed the incident. Under these circumstances, the maximum penalty was appropriate. Thus, appellant's argument regarding his sentence for voluntary manslaughter is not well-taken.
 {¶ 18} Next, appellant asserts that the trial court erred by giving him the maximum sentence on his conviction for burglary. Appellant maintains that the trial court made no finding under any of the components of R.C. 2929.14(C) with respect to why the burglary constituted the worst form of the offense. We agree. Hence, it was error for the trial court to give appellant the maximum sentence on the burglary conviction. Thus, appellant's argument regarding his sentence for burglary is well-taken. Therefore, appellant's first assignment of error with respect to his sentence for voluntary manslaughter is without merit, but appellant's argument regarding his sentence for burglary is well-taken. The matter shall be reversed and remanded in part for the trial court to comply with the sentencing requirements of R.C. 2929.14(C) and 2929.19(B)(2)(d) with respect to the burglary conviction.
 {¶ 19} In his second assignment of error, appellant alleges that the trial court erred by accepting his guilty plea without first determining whether he understood the effect of his plea. Specifically, appellant argues that the trial court failed to comply with Crim.R. 11(C)(2)(b) because it did not inform him that the effect of a guilty plea was a complete admission of his guilt pursuant to Crim.R. 11(B)(1).
 {¶ 20} Appellant relies on the Second District's opinion in Statev. Roberson (June 20, 1997), 2d Dist. No. 16052, 1997 WL 335137, to support his argument. In Roberson, the appellate court vacated the defendant's guilty plea because the trial court breached its mandatory duty to inform the defendant of the effect of a guilty plea prior to accepting the plea.
 {¶ 21} This court, however, has specifically rejected the Second District's holding in Roberson. In State v. Mallon (Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 WL 1297603, this court held that a guilty plea is not automatically invalidated simply because the trial court fails to advise a defendant that such plea is a complete admission of guilt. Id.
at 6, citing State v. McKee (June 19, 1998), 11th Dist. No 97-T-0036, 1998 Ohio App. LEXIS 2767, at 6-7.
 {¶ 22} Instead, we concluded that the Crim.R. 11(C)(2)(b) requirement is nonconstitutional in nature and, consequently, substantial compliance is all that is required. Mallon, supra, at 6. Thus, the key question is whether the trial court substantially complied with the spirit of Crim.R. 11(C)(2)(b). Id. See, also, State v. Gruber (Nov. 9, 2001), 11th Dist. No. 2000-L-031, 2001 WL 1401943, at 4.
 {¶ 23} At the plea hearing in the instant cause, the trial court engaged in an extensive plea colloquy with appellant. The court detailed the elements of the crimes and explained that by pleading guilty, appellant was waiving various constitutional rights listed in Crim.R. 11(C)(2) in addition to his right to appeal. The court recited the potential penalties for each offense and informed appellant that it could proceed to judgment and sentencing upon acceptance of his guilty pleas. Appellant indicated that he understood these issues that the trial court had addressed. Thus, it is clear that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(b). Under these circumstances, appellant cannot successfully argue that his guilty pleas were not made knowingly, intelligently, or voluntarily. Therefore, appellant's second assignment of error is without merit.
 {¶ 24} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed with respect to the maximum sentence imposed on the voluntary manslaughter conviction under the first assignment, and also as to the second assignment. However, the judgment of the trial court is reversed and remanded for resentencing with respect to the burglary conviction under the first assignment.
JUDITH A. CHRISTLEY, J., concurs.